Case number 20-2020 from the District of Southern Iowa, Melinda Myers et al versus Iowa Board of Regents. Okay, well, counsel, welcome, good afternoon to you, and Mr. Tice, you may proceed when you're ready. Good afternoon, your honor, thank you. May it please the court and counsel, Andrew Tice of the R. Zancuni Firm on behalf of the This case involves a private party class and collective action claims seeking money damages founded upon state-based wage collection law and the Federal Fair Labor Standards Act or the FLSA. The appeal here is more narrow as it's limited to the federal FLSA claim only at the plaintiff's count three of their second amended petition. As it pertains to the board's prior motion to dismiss that claim based upon a lack of subject matter jurisdiction and due to sovereign immunity, the plaintiffs bear the burden of proving both subject matter jurisdiction and any waiver of sovereign immunity. The district court here denied the board's motion to dismiss finding a constructive waiver of that immunity, and the Iowa Board of Regents here submit that the state's sovereign immunity from a private party's suit for money damages is a fundamental and important governmental doctrine that should not have been set aside under a theory of constructive waiver. Counsel, Judge Covis here, what are the standards, if they're different, for express waiver of immunity and constructive waiver, and if they are different, which ones did the district court apply here? Well, the district court looked at both. First at the express waiver question, I believe the standard applied was whether or not that was true. Under the constructive waiver theory, it was under the Iowa Supreme Court precedent, not under the federal precedent. As it pertains to that, I can only reference, I guess I don't know that we have such a convenient term as unequivocal, but more the analysis that was put forth in the Anthony and Lee case. Well, which side of that fence does a ceded to apply to? Is that the express or is that constructive? That sounds more constructive. All I've seen for express that I can recall is the unequivocal verbiage or a clear declaration. And what's your case for that, for the unequivocal? I don't believe that there is any unequivocal or clear declaration that would support. What's the case for the standard, is my question. Oh, I see. The College Savings Bank versus Florida Prepaid Post-Secondary Education Expense Board case of 527 U.S. 666. Well, that's a Supreme Court case? Yes, United States. U.S. Supreme Court. Correct. What's the Iowa law for this issue? Or am I misunderstanding things here? And it might be that. In other words, we're discussing the waiver of state sovereign immunity here, right? I mean, what is the Iowa Supreme Court standard for express waiver and where does it come from? And how is it different from constructive? So, I believe, first, when we look at the district court's ruling in this case, the district court, I think, used that unequivocal or clear declaration language from the United States Supreme Court case. When we look at the Iowa Supreme Court cases applicable to express waiver, I'm only aware of the two, one of them being the Anthony v. State of Iowa Department of Public Safety case, and the other one being the Lee v. State, I believe it was the Polk County Clerk of Court case. So what is the Anthony standard? I'm just trying to get to the bottom of this. I appreciate that, Your Honor. I don't know the precise standard that the Anthony case used. In fact, it just states, as I can see, that we are convinced that the statutory scheme had been implemented in a manner that constituted a waiver in that case. I see the implemented in a manner as well. Do you think the constructive waiver standard is different? Well, I'm not sure that's... It probably should be, right? That would be our position. Our thought is that when we're talking about sovereign immunity, it's a very significant and fundamental premise that goes back to precede our United States Constitution, and it shouldn't be waived so easily and so simply. I think it requires something more. When I look at Lee here, I see the, at 740 815 NW 2nd, the belief the state is answerable for the legal relationships it voluntarily creates. Does that ring a bell? I don't mean to call you out if you haven't read that, because it seems to me those may be different standards, and I'm not sure the district court applied those standards. And they may be different standards. Certainly, that does ring a bell, and I'm familiar with the case, and I think Lee does provide a more scrutinizing analysis, and that it ultimately concludes in that case it didn't meet the standard. The verbiage I saw there was with reference to there needed to be exclusionary language designed to waive sovereign immunity, or a proof of voluntary offer to pay money damages for the statute's violation. So, that would seem to be a higher standard. Alright, I'll let you go. My little rabbit hole there, sorry. No problem. So, the Alden v. Main case is the one that makes it very clear that states have retained their sovereign immunity from private suit under the FLSA, absent state's consent. It's a fascinating case that goes in-depth about the history, quotes Alexander Hamilton and James Madison, in ultimately going through some of the concerns that would be if we so easily decided to set aside and waive a state's sovereign immunity. In fact, that Alden court says that the general federal power to authorize private suits for money damages would place unwarranted strain on the state's ability to govern themselves, and the allocation of limited resources should be resolved by the political process, and not by a judicial decree mandated by the federal courts. Counsel, I'm sorry, I'm probably just the one guy that's confused here, but doesn't Lee say that constructive waiver exists in Iowa where it doesn't in the federal courts? It does. So, I mean, it may be that for federal purposes, you know, an implicit waiver is disfavored, but Iowa's found otherwise, haven't they? Iowa does have a lesser standard than what we see at the federal level, that's correct, your honor. So doesn't the case turn on whether or not there's constructive waiver here? Yes. So this court found there was, based on several of the policies related to the University of Iowa hospitals. Why is that error? So we think there are three problems with that. The first one is that the applicable statute at 91A does not provide for suit under the FLSA, and I think there could be some confusion in that regard. The difference between a suit under 91A for wages that might be covered by the FLSA versus actually allowing a direct claim under the Fair Labor Standards Act. So we believe 91A only allows for claims under 91A, even if they may encompass wages that would be required by the FLSA. But second, there's no evidence here that any of the policies at issue, and in this case, the policies, we think the district court mistakenly applied them to the regents as regents policies when they were policies issued by the University of Iowa and the University of Iowa hospitals and clinics. They were never policies adopted by the Board of Regents themselves. The Board of Regents are a board, not an individual like a director of a department. As a board, they are subject to open meeting laws under Iowa Code Chapter 21, which requires that all of its actions must be taken in open session. There's no evidence here of any action actually taken by the Board of Regents themselves that would waive sovereign immunity. So let me get back. Does the Board of Regents adopt policies other than through its subordinate institutions? Yes, Your Honor. Are there some examples in the record? Well, there are in fact, Your Honor, there's an administrative code section devoted to the Iowa Board of Regents as they are a state agency. I believe that's Code Section 681. So there's an entire code that will set forth regents policies that were enacted as administrative rules. There is a separate Board of Regents policy. I don't believe that's anywhere in the record. We would also submit as one of the errors in finding constructive waiver here, that there's no evidence that any of these policies that came from the hospital or the university were enacted for any reason other than compliance with the Fair Labor Standards Act, which under Iowa law then would not constitute waiver as the Iowa case, that Lee case we were discussing, requires proof of voluntary language designed to waive that sovereign immunity. And there's no evidence of that here. In fact, the evidence is directly to the contrary. And if there was any evidence of some motivation on the part of the regents, or as we're discussing the hospital or the university, it's plaintiff's burden to put forth evidence to show that it was something other than compliance with the Fair Labor Standards Act to constitute a waiver. To be clear, your honors, when we're talking about Iowa Code Section 91A, that is a statute meant to address the collection of wages. It addresses such things as timing and methodology of making payments. Nowhere in that statute does it ever reference overtime payments, the FLSA, or any suits being brought under any federal statute like the FLSA. When we look at the administrative rules, one of the biggest distinguishing factors that I suspect the court is already aware of is, in the Anthony precedent, there were administrative rules that were directly applicable to the defendant state in that case that aren't applicable to the regents. In fact, when you look at the Anthony case, you'll see as they go through both the statute and the rule, it specifically carves out and excludes the Iowa Board of Regents, which is the defendant in this case. Do you think Anthony applies to express waiver or constructive waiver or both? Well, the Lee case characterized the Anthony... Well, I'm asking about Anthony though, specifically. It may be that you think Lee applies it further on. Well, your honor, I'm not entirely sure in my reading of the case exactly how to apply it from my perspective. All I see is that the Iowa Supreme Court in the Lee case references back to that Anthony case and says that the Anthony case was looking at express. Okay, thank you. So, we don't have any reference to overtime or the FLSA in Iowa Code 91A. When we look at the administrative rules that actually do apply to the Iowa Board of Regents, the defendant in this case, again, there is no reference in those rules to overtime payments or the adoption or even a mention of the FLSA, which distinguishes the case at bar here from Anthony. So, this case must hinge upon the claimed constructive waiver of sovereign immunity premised on these employment policies from the university and the hospital or the collective bargaining agreements. The collective bargaining agreements would be the only item in the record that was actually adopted by the Board of Regents in open session. I think, your honor, if I'm looking at that Lee case again, it might go back to some of your questions about standards. The Lee case was addressing the FMLA and ultimately concluded that the state had not waived its sovereign immunity as it applied to implementation of the FMLA or inclusion of FMLA language in the employee handbook in that case. The one case that we're aware of that actually would address the theory at issue here that a state could waive its sovereign immunity based on a handbook or policy provisions, and that's the only case that decided no, it couldn't there. And what the court looked at there and what it thought was important was a lack of plaintiff's evidence showing the employer's conduct was designed to waive sovereign immunity, that the employer's conduct of implementing the federal mandate was voluntary, or any proof of any voluntary offer to pay money damages for the statute's violation. All of those absences of evidence would apply to this case at Bard just as much as it did in Lee. The record in this case is just the employment materials, which would be an operations manual from the University of Iowa, a website from the university, and the hospital's employee manual. It's important to recognize, I think here, that the federal statute does mandate that the university and the hospital provide FLSA overtime benefits to these non-exempt employees and to provide notice of that. The university didn't have any choice in doing what they did, and that's shown in appendix page 74. The plaintiffs rely upon the university's website where it says there, quote, employees working in excess of 40 hours per week are required to be paid overtime premium pay unless they qualify for exemption from the FLSA requirement. End quote. That verbiage shows the university's actions here in implementing these FLSA regulations were not voluntary, but were instead compelled. I see that my time has expired, so your honors, in the absence of any board approved actions sufficient to waive sovereign immunity from private suit for money damages, the Iowa Board of Regents respectfully requests reversal of the district court's finding of constructive waiver and issuance of an order to the district court to dismiss plaintiff's FLSA claim at count three of their second amended petition. Thank you very much. All right, thank you very much. Mr. Weber, you may proceed. Microphone. Sorry, can you hear me now? Yes. I apologize. My computer's video is very slow. I can hear you just fine. I don't know if that's the case for everyone. You're good. Just let me know if I freeze. Okay. May it please the court, my name is Benjamin Weber from Licton and Liz Riordan. I'm arguing on behalf of the plaintiffs' appellees, who are employees of the University of Iowa Hospitals and Clinics. I'd just like to make three quick points before I get to the body of my argument. First, the question of whether there is waiver is a question of state law. I can get to the reason why in a minute, but because of that, to see if there's waiver here, we look at how the Iowa Supreme Court has dealt with that issue. In the Anthony case, the Iowa Supreme Court looked at whether the state of Iowa had waived its sovereign immunity to lawsuits under the FLSA and held that it had. What it looked at was the statute and the accompanying regulations that implemented the pay rules for... Counsel, you agree, right? In Anthony, the regulations excluded the Board of Regents. Correct. Are you still pressing the issue on express waiver here? No, Your Honor, except how that term is interpreted by the Iowa Supreme Court. If you look at the Anthony decision, what the Iowa Supreme Court found was what they called express waiver, but it's not the kind of express waiver you see in other states where there's actually a sentence in the statute which says, we expressly consent to suit under the FLSA. Here, it's more of a quasi... It's the statutory scheme, isn't it, that indicates the legislature's intent to waive, or am I off base? No, correct. The statutory scheme exhibited the intent to waive, but there is no magic words in there. Instead, the Iowa Supreme Court is looking at the language of the statute correct, which... I may be not understanding, and again, I apologize, but are you then pressing express waiver under the Iowa Supreme Court standard? No, Your Honor. We are pressing, we think Judge Rose got it right when she ruled that the board constructively waived its sovereign immunity. What is the legal, and I'm sorry, maybe I'm confused on this case, but what is the legal standard then in Iowa for constructive waiver? Can you be concise on what it is you have to show under, I think it's probably Lee, but what is the standard? Correct. I would look at Lee. I don't think they explain the standard in a concise way, but what you can gather from Lee is that you look at the conduct of the state body to see whether it voluntarily assumed the legal consequences of whatever the issue is that's being presented here of compliance with the Fair Labor Standards Act. And in the Anthony case, what the Iowa Supreme Court did is it looked at the regulations that the state, that the Department of Administrative Services had enacted, which said only that workers, employees of the state needed to be paid overtime in accordance with the Fair Labor Standards Act, and that they were also owed overtime when they worked over 40 hours in a week, and that was enough for what the court called express waiver. And then in Lee, what the Iowa Supreme Court held, which long after the Supreme Court's decisions in the College Savings Bank and Alden cases, that in Iowa, there's still constructive waiver and that you can just, you can find waiver through the conduct of the state. And here, in this case, we have the same language as is present in the Anthony case. The Anthony case doesn't decide this case. But if you look at the policies that the Board of Regents through the University of Iowa enacted for its employees... Isn't the key issue through the University of Iowa? I mean, they are not Board of Regents policies. They do not apply across the university system. They were implemented and enacted, if I'm understanding it correctly, in large part by the University of Iowa, not by the Board of Regents. Am I wrong on that? I think you may be wrong, your honor. First, I would say that this argument was never raised below. The Board never argued... Did you raise that in your brief or a waiver argument? It's certainly in our brief we argue that, I mean, we put forward that they never argued it. In their reply brief, the board points to one sentence in its reply below, which says that there's no authority for the argument that the board can be tied by the actions of the university. But the board never argued that it didn't approve the policies. And certainly, in our brief, we point to a litany of administrative rules, which you can find. It's Iowa Administrative Code Section 681. There's three different...there's 681- 3.36...sorry, 3.37 and 38. And what it does is that...so under the Iowa wage law, the board has to construct its own pay plan and classifications of its workers. Under 3.37, the board has to adopt a pay plan and a classification plan. Under 3.26, the board may delegate that procedure to the director of the university. So the University of Iowa, which in this case we're talking about, may be the biggest employer in Iowa, one of the biggest employers in Iowa, thousands and thousands of workers, is able to construct its own pay plan. Well, does the record show that that was delegated? Well, again, it was not...so first we're on a motion to dismiss. And this was not an argument that was raised in any of their briefs below. So we did not put forward that information. But also, if you look at 3.38, that states that once a year the board of regents has to review the complete pay plan of each of the universities. So it's possible that something happened where the board didn't approve how the university was treating its workers. There's certainly no evidence of that that's put forward. And if it's an issue of we need more facts in the record, the court can remand for findings on that. We can do some because it wasn't argued below. Council, I want to be careful about this and I want to note carefully the contours of your argument and the statement that you just made. Can you tell me what is it that you think that the state did not argue below? Can you give me that in a concise way? Exactly what argument do you think they did not raise below? Yes, your honor. They did not argue, we proposed that they did not argue that the board did not approve of the University of Iowa's policies. So I think the board realizes that the University of Iowa at the time in this court they're arguing that somehow the University of Iowa had gone rogue and enacted its own policies and that the board either didn't approve them, didn't review them. There's no evidence of that and on a motion to dismiss we haven't developed that at the time that this was filed. I know it's our burden to show that there was waiver but this is a leap on their part and something not argued below. Thank you. Because this, just briefly, on the issue of whose law do we apply when we look at waiver, not cited in our brief, there's a 5th circuit decision from 2005 it's called Myers versus Texas. It's 410 F 3rd 236 and they dealt with this issue of what standard do we look at to determine waiver and they said that the constitution doesn't prescribe a specific rigid structure for each state's sovereign immunity conflicts and because each state was considered to have retained its individual sovereignty in a joint before the union, the structure of the constitution allows for variation between the nature and structure of each state's immunities from suit and liability. And this is consistent with the Supreme Court's long held view that sovereign immunity is a privilege that each state may waive at its pleasure. Consequently, the 5th circuit held, courts must look to the law of the particular state in determining whether it has established separate immunity against liability for the purposes of waiver. Unlike a state's waiver of its immunity from suit in federal court, the state's waiver or retention of a separate immunity from liability is not a matter of which there's an overriding federal interest in justifying the application of a federal rule. That's why these two cases, Anthony and Lee, are very important because it shows you how the state of Iowa has dealt with this. They've allowed constructive waiver. The Lee case expressly states, we allow for constructive waiver of sovereign immunity in Iowa. And in that case, what the court said was well we don't find constructive waiver here because unlike in Anthony where there is mention of the Fair Labor Standards Act, you're going to pay people in accordance with the Fair Labor Standards Act and you're going to pay them overtime. The issue in Lee was notice that people could have leave under the FMLA, pursuant to the FMLA. And what the court said in Lee was, well that's not enough because the FMLA regulations require employers to include notice of FMLA rights in employee handbooks. Let's assume for a minute that the Board of Regents did not waive their argument about the difference between the University and the Board of Regents. How do you win then? And I'm not sure what the answer to that is. I'll have to look at that. But how do you win then if all of these policies you're citing and the CBA are basically University of Iowa policies? And I'm assuming that's correct. What's our pathway to ruling for you then? Well, okay, the University of Iowa is simply an arm of the Board. And so the regulations require strict control of what the arm of the Board is doing. You could possibly look at agency law. So it doesn't matter if the Board waived it or not, you're arguing, right? Well correct, I'm just addressing why there's nothing in the record that shows that they formally approved or not. What does the Board control at the University of Iowa? Do they control hiring? Well, I think pursuant to the regulations, they control the pay plan and they also control how hiring is made. I think we cite to the relevant regulations in our brief. But the other courts have held that the Board has such tight control over the... Which cases are those that suggest the Board has such tight control that they're one and the same? Well there's the NCA versus Bowers case which we cite. Where is that case from? Bowers case is a third circuit decision from 2006. That doesn't address the University of Iowa or the Iowa Board of Regents. That was Iowa...I'm sorry, also the Van Pilsen case versus Iowa State. This is a Southern District of Iowa decision. It's 863 FSUP 935. They say that the Board had such control over Iowa State University that Iowa State University retained whatever sovereign immunity or immunity that the Board had. So it's kind of in the reverse. I would like to just brief on Lee. If you look at the federal regulations, the federal regulation under the FMLA, which is 29 CFR 825.300, says you have to put notice of FMLA rights in employee handbooks. The FLSA regulation on notices, which is 29 CFR 516.4, does not. It says you have to put up public notices of FLSA rights, but it doesn't say anything about putting notice in employee handbooks. Here the notice in the handbook is not required by federal law at all. Who put it in? I would look at these collective bargaining agreements that used to be in place. Who put it in? I believe the University of Iowa, the Human Resources Department who developed the... Again, this is a factual issue. It was not reached below. Is the record clear or was it not on who put it in? It's not clear, your honor. I thought you just suggested it was the University of Iowa put it in. Or was that just kind of to our policies presented by the University of Iowa to its employees? I just have one quick point to finish. We object to the court's jurisdiction over this interlocutory appeal. One second. Usually, the court hears interlocutory appeals on sovereign immunity under the collateral order doctrine. That doctrine only protects states where they have an immunity to suit. You don't want to have them go through a suit only to have this issue resolved later. Here, the board waived its immunity to suit on sovereign immunity because it removed the case from state court to federal court. Which case stands for that proposition? Judge Shepard, I beg your pardon if you're okay. We should be asking one more. Actually, the 5th Circuit case I cited earlier... Do you have an 8th Circuit case for that proposition? Do you have an 8th Circuit case? I believe a majority of circuits have adopted this rule. I'm over my time. Do you have an 8th Circuit case for that proposition or not? I do not believe the 8th Circuit... Okay, thank you. Thank you, Your Honor. If there are no more questions... Okay. Alright, thank you, Mr. Tice. You've used up all your time, but Mr. Weber ran over a bit, so I'll give you a minute to wrap up. Okay, thank you, Your Honor. Mr. Tice, I'm being a pain in the butt in this argument, and I apologize to both counsel, I don't mean to be that. But did you waive the argument that counsel suggests that you did? It seems to me critical to this case that there's a difference between the Board of Regents and the University of Iowa. And was that argument waived, and was it only raised in a reply brief? It was not waived, Your Honor. It was raised in the reply brief. So the reason why is because we as the movant are the ones showing that there is sovereign immunity. We're not trying to establish that there's been a waiver of that sovereign immunity. That is the burden of the plaintiff. So we filed our motion to dismiss, showing that we have sovereign immunity. The plaintiff then resisted that motion by arguing based upon statutes, administrative rules, and referencing various handbooks. So for the first time then, our opportunity in reply, and in fact it's the first and second sentences of our reply, we point out, we say the plaintiffs are arguing that the state has expressly waived or constructively waived sovereign immunity based on these University of Iowa or hospital handbook materials. And we say as an initial point, plaintiffs provide no authority that the University of Iowa or the hospital policies can serve to waive sovereign immunity as to the Iowa Board of Regents. So we wouldn't have brought it up in our initial motion because of course we're not trying to prove, and we're not doing it here today, that there's been any kind of a waiver. That is the plaintiff's argument, and of course as we look at the law, that is plaintiff's burden to prove. So we just point out in response that as well as other items to explain why the plaintiff's multi-pronged resistance was misguided. We would also point out, Your Honor, as I hear the Anthony case referenced as a lawsuit under the FLSA, that's kind of the confusing point to us and not as clear to us because it certainly looks like to us that claim is a 91A claim where they're seeking wages that might have been covered by or required by the FLSA, but our issue is actually bringing a 91A claim. So under 91A-10, it says an individual private party can bring a claim for damages under 91A-8. It doesn't say anything about bringing a direct FLSA claim, which is what the plaintiffs have done here in count three of their lawsuit, as a collective action. I believe my time's expired. It has. Alright, thank you counsel for your arguments today, and the case is submitted. The court will render a decision in due course.